# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| CAROL A. WILSON, | : | |
| Administrator of Ohio | : | |
| Operating Engineers Health | : | Civil Action No. 2:15-CV-3011 |
| and Welfare Plan, | : | |
| | : | |
| 1180 Dublin Road | : | Judge |
| Columbus, Ohio 43215, | : | |
| | : | |
| and | : | Magistrate Judge |
| | : | |
| Trustees of the Ohio Operating | : | |
| Engineers Health and Welfare | : | |
| Plan, | : | |
| | : | |
| 1180 Dublin Road | : | |
| Columbus, Ohio 43215, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| Site Construction LLC | : | |
| 8227 Chardon Road | : | |
| Kirtland, Ohio 44094-9524 | : | |
| | : | |
| Defendant. | : | |

## COMPLAINT

JURISDICTION AND VENUE

      1.      Jurisdiction of this Court is based upon 29 U.S.C. §§ 1132(a)(3) and 1145, as the action arises from Defendant's violation of and continued refusal to comply with the terms and provisions of collectively bargained agreements, trust agreements, and employee-benefit plans.  Venue is proper pursuant to 29 U.S.C. § 1132(e)(2) and S.D. Ohio Civ. R. 82.1.

COUNT I

      2.      The Trustees of the Ohio Operating Engineers Health and Welfare Plan (hereinafter referred to as the "Health and Welfare Trustees") are the duly appointed, qualified, and acting trustees of the trust established as part of the Ohio Operating Engineers Health and Welfare Plan by Amended Agreement and Declaration of Trust dated November 29, 1977, as amended, (hereinafter referred to as the "Health and Welfare Trust") between the Labor Relations Division of the Ohio Contractors Association, the Associated General Contractors of America, and other employer associations, and the International Union of Operating Engineers, Locals Nos. 18, 18A, and 18B, a labor organization representing employees in an industry affecting commerce.  The Health and Welfare Trustees bring this action in their fiduciary capacity as trustees for and on behalf of the participants and beneficiaries of the Health and Welfare Trust.  The Health and Welfare Trust constitutes an "employee benefit plan" or "plan" within the meaning of 29 U.S.C. §§ 1002(1), (2), (3), and 29 U.S.C. § 1132.  The plan is administered in Columbus, Ohio.

      3.      The Health and Welfare Trustees have authorized Carol A. Wilson, Administrator of the Ohio Operating Engineers Health and Welfare Plan, to bring this claim and to seek the remedy prayed for on their behalf and on behalf of the participants and beneficiaries of the Health and Welfare Trust and employee benefit plan.

4. Site Construction LLC is an Ohio corporation with its principal place of business in Kirtland, Ohio. Defendant has been engaged at all relevant times in an industry affecting commerce, i.e., contracting work.

5. Defendant is an employer engaged in commerce and in an industry affecting commerce within the meaning of 29 U.S.C. § 1003.

6. Defendant executed an Acceptance of Agreement and 2000 Hour Addendum Agreement both dated July 13, 2011, by the terms of which Defendant also became a party to the Agreement and Declaration of Trust (the "Health and Welfare Trust Agreement") that established the Ohio Operating Engineers Health and Welfare Plan, and became bound by the terms and conditions set forth therein.  Copies of the signatory pages of the Acceptance of Agreement and 2000 Hour Addendum Agreement are attached and marked "Exhibit A" and incorporated herein. These agreements contain provisions whereby Defendant agreed to make timely payments to the Health and Welfare Trustees for each employee covered by the agreement.

7. Defendant has failed to make timely payments to the Health and Welfare Trustees for each covered employee and has failed to perform the obligations imposed by the terms and conditions of the Acceptance of Agreement and 2000 Hour Addendum Agreement both dated July 13, 2011 and the Health and Welfare Trust Agreement.

8. The Trustees' Field Auditor audited Defendant's payroll records on June 17, 2015.  This audit disclosed unpaid contributions for the period July 1, 2011 to June 1, 2015, owed to the Health and Welfare Trustees.  Defendant is delinquent in making contributions to the Health and Welfare Trustees in the total amount of $53,143.68.

COUNT II

   9. Plaintiffs incorporate by reference the allegations of paragraphs 1 through 8 above as fully as if rewritten herein and further state that the Trust Agreements, Defendant's collectively-bargained agreements, and the rules and regulations adopted by the Health and Welfare Trustees on June 13, 1989, specifically provide that the Trustees shall be entitled to recover interest of 1.5 percent per month (18 percent per annum) times the unpaid balance of delinquent contributions in addition to the unpaid contributions.  The assessment of this interest is further authorized by 29 U.S.C. § 1132(g)(2)(B), which provides that in any action brought by a fiduciary for or on behalf of a plan to collect contributions due the plan, in which a judgment in favor of the plan is awarded, the Court must award the plan, in addition to the unpaid contributions, interest on the unpaid contributions at the rate set by the plan.

   10. Pursuant to the Trust Agreements, collectively-bargained agreements, rules and regulations adopted by the Trustees, and federal law, Defendant owes the Trustees of the Health and Welfare Plan interest on the audit findings in the amount of $20,999.86, if paid before November 15, 2015 plus $26.21 per day thereafter that the audit findings remain unpaid, and interest on the unaudited delinquencies.

COUNT III

   11. Plaintiffs incorporate by reference the allegations of paragraphs 1 through 10 above as fully as if rewritten herein and further state that the Trust Agreements, Defendant's collectively-bargained agreements, and the rules and regulations adopted by the Trustees provide that the Trustees shall be entitled to recover statutory interest at the rate of 18 percent per annum on the unpaid contributions in addition to the unpaid contributions.  The assessment of this statutory interest is further authorized by 29 U.S.C. § 1132(g)(2)(C), which provides that in any

action brought by the fiduciary for or on behalf of a plan to collect contributions due the plan, in which a judgment in favor of the plan is awarded, the court must award the plan, in addition to the unpaid contributions and interest under § 1132(g)(2)(B), an amount equal to the greater of (i) interest on the unpaid contributions or (ii) statutory interest in an amount specified in the employee-benefit plan not in excess of 20 percent of the unpaid contributions.

        12.    Pursuant to the Trust Agreements, collectively-bargained agreements, rules and regulations adopted by the Trustees, and federal law, Defendant owes the Trustees of the Health and Welfare Plan, in addition to the amounts specified in Counts I through V of this Complaint, an amount equal to the greater of (i) interest on the unpaid contributions or (ii) statutory interest on the unpaid audit findings, calculated at the rate of 18 percent per annum on the unpaid audit findings (up to a "cap" of 20 percent of the unpaid audit findings), which amount is presently $20,999.86, if paid before November 15, 2015, plus $26.21 per day thereafter that the audit findings remain unpaid and interest on the unaudited delinquencies.

COUNT IV

        13.    Plaintiffs incorporate by reference the allegations of paragraphs 1 through 12 above as fully as if rewritten herein and further state that the Trust Agreements, Defendant's collectively-bargained agreements, and the rules and regulations adopted by the Trustees provide that the Trustees shall be entitled to recover all costs of collection, including reasonable attorney fees, in addition to the delinquent contributions owed by Defendant.  Further, 29 U.S.C. § 1132(g)(2)(D) specifically provides that in any action brought by a fiduciary for or on behalf of a plan to collect contributions due the plan, in which a judgment in favor of the plan is awarded, the court must award the plan, in addition to the unpaid contributions, reasonable attorney fees and costs of the action.

14.     Pursuant to the Trust Agreements, collectively-bargained agreements, rules and regulations adopted by the Trustees, and federal law, Defendant owes the Trustees of all four funds reasonable attorney fees as set by the court and court costs.

WHEREFORE, Plaintiff Health and Welfare Trustees demands judgment against Defendant for the sum of $53,143.68, plus whatever sums are found owing pursuant to subsequent audits and monthly reports for which contributions have not been paid;

WHEREFORE, all Plaintiffs herein demand judgment against Defendant for interest in the amount of $20,999.86, plus $26.21 per diem for every day after November 15, 2015, in which the audit findings and/or monthly contributions remain unpaid, plus whatever sums are found owing pursuant to subsequent audits and monthly reports for which contributions have not been paid; and

WHEREFORE, all Plaintiffs herein demand judgment against Defendant for an amount equal to the interest on the unpaid contributions in the amount of $20,999.86, plus $26.21 per diem for every day after November 15, 2015, in which the audit findings and/or monthly contributions remain unpaid; plus all costs of collection including reasonable attorney fees as fixed by the Court; plus court costs; and such other and further legal or equitable relief to which they may be entitled.

Respectfully Submitted,

/s/ Bryan C. Barch
Bryan C. Barch (0075922)
In-House Counsel
Ohio Operating Engineers
1180 Dublin Rd.
Columbus, Ohio 43215
(614) 488-0708
(614) 488-3720 (fax)
bryanbarch@ooefbp.com